IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| VINCENT M. CAMPBELL, | ) | |
|---|---|---|
| Plaintiff | ) | C.A. No. 14-20 Erie |
| | ) | |
| v | ) | |
| | ) | Magistrate Judge Baxter |
| WEXFORD CORP., et al., | ) | |
| Defendants | ) | |

## OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

### I.     INTRODUCTION

#### A.     Relevant Procedural History

On January 24, 2014, Plaintiff Vincent M. Campbell, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 [ECF No. 3]. Plaintiff subsequently filed an amended complaint on May 6, 2014 [ECF No. 16], and a second amended complaint on May 29, 2014 [ECF No. 21], the latter of which is deemed to have superseded the prior two complaints and is the operative pleading in this case.

Named as Defendants in the second amended complaint are: RN Ferdarko (erroneously identified by Plaintiff as "Dr. Ferdanko"), a registered nurse at SCI-Forest ("Ferdarko"); Wexford Corp., the health care service provider under contract with the Pennsylvania Department of

---

[1] Plaintiff and Defendant Ferdanko, the only Defendant served and represented in this matter, have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos.12, 20).

1

Corrections to provide medical services to inmates at SCI-Forest ("Wexford"); and three employees of Wexford, Dr. McGarvie ("McGarvie"), Rhonda Sherbine ("Sherbine"); and Beverly O'Rourke (O'Rourke").[2]

In his second amended complaint, In particular, Plaintiff alleges that he has epididymitis allegedly caused by chlamydia, which causes him to experience "penile leakage" having a "goldish" color (ECF No. 21, Second Amended Complaint, at p. 4). Plaintiff alleges that, on or about October 30, 2013, he held a clear plastic medical cup containing "penile discharge" and asked to see medical, but his request was denied. Plaintiff alleges further that he presented the same, or a similar, medical cup filled with "penile discharge" to Defendants Ferdarko and Sherbine, and asked them to perform a culture test. According to Plaintiff, Defendant Sherbine instructed him to dispose of the cup in a "red bio hazard trash can," and Defendant Ferdarko allegedly stated "it is what it is – just wait till you get out" (Id. at p. 7). Plaintiff complains that he has already been given four 6-week cycles of antibiotics; one 21-day cycle of antibiotics; and another 90-day cycle of antibiotics; yet, he still has "abnormal acne bumps" and has not been sent to see a "disease specialist" (Id. at pp. 5-6). As a result, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of his rights under the eighth and fourteenth amendments to the United States Constitution. As relief for his claims, Plaintiff seeks

---

[2] Defendants Wexford, Sherbine and O'Rourke have never been served in this case, nor has any attorney entered an appearance on their behalf, despite the assistance of the Attorney General's Office, who obtained and provided to Plaintiff the service address for Wexford on October 21, 2014 (ECF No. 37). Further, Plaintiff acknowledged receipt of Wexford's service address on or about October 27, 2014, but indicated that he would not have all service paperwork completed until December 17, 2014, because he was in the RHU (ECF No. 38). In addition, Plaintiff appears to be asking the Court to serve Defendants Sherbine, McGarvie, and O'Rourke, which is both improper and unnecessary, as these Defendants could all be served at Wexford's address (Id.).

declaratory and injunctive relief, as well as compensatory and punitive damages.

On June 9, 2014, the Defendant Ferdarko filed a motion to dismiss second amended complaint [ECF No. 23] arguing that Plaintiff's claims against him should be dismissed for failure to state a claim upon which relief may be granted. Despite having been granted more than ample time to file a response to Defendant's motion, Plaintiff has failed to do so. This matter is now ripe for consideration.

### B.     Standards of Review

#### 1.     Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S.  265, 286 (1986).  "Factual

allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

4

than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Deliberate Indifference to Serious Medical Needs

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[3] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977). Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some

---

[3] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

6

level of medical care").

Here, Defendant Ferdarko has moved to dismiss Plaintiff's deliberate indifference claims against him based essentially on the fact that Plaintiff has received frequent medical care for his complaints of penile discharge and is simply disagreeing with Defendants' medical judgment, which is not actionable. White, 897 F.2d at 110 ("mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation). The Court agrees.

Not only does Plaintiff acknowledge that he has received multiple cycles of antibiotics for his condition (ECF No. 21, Second Amended Complaint, at p. 5), but the grievance exhibits he has submitted in support of his complaint further evidence that Plaintiff received a urology consult in June 2011, which was normal, and had a urine screen for sexually transmitted diseases conducted in or around November 2013, which came back negative (ECF No. 22, Plaintiff's Exhibits, at pp. 4, 6). Plaintiff's exhibits also indicate that Plaintiff was seen by a "Dr. Harewood" on December 24, 2013, who did a thorough work up of Plaintiff's complaint of penile discharge and found that Plaintiff's condition was not caused by a chronic disease or illness, but by a cyst that had formed in his epididymis (Id. at p. 6). Thus, Plaintiff's claims of deliberate indifference are unfounded and Defendant Ferdarko's motion to dismiss will be granted accordingly.

### 2. Prison Litigation Reform Act

Under 28 U.S.C. § 1915 of the Prison Litigation Reform Act ("PLRA"), this Court has discretion to dismiss frivolous or malicious *in forma pauperis* claims. Wilson

v. Rackmill, 878 F3d 772, 774 (3d Cir. 1989). Section 1915(e) provides that "[t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted...." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a viable claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The U.S. Supreme Court has instructed that section 1915(e) provides the Court not only with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

As noted earlier, Defendants Wexford, McGarvie, Sherbine, and O'Rourke have not been served with any of the complaints in this case, in contravention of Rule 4(m) of the Federal Rules of Civil Procedure, which requires defendants to be served within 120 days of the date(s) they are named as parties in the case. Moreover, even if said Defendants had been properly served, the Court has already determined that Plaintiff's claims of deliberate indifference are unfounded. As a result, Plaintiff's claims against Defendants Wexford, McGarvie, Sherbine, and O'Rourke will be dismissed pursuant to 28 U.S.C. 1915(e).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT M. CAMPBELL, ) | |
| Plaintiff ) | C.A. No. 14-20 Erie |
| ) | |
| v ) | |
| ) | Magistrate Judge Baxter |
| WEXFORD CORP., et al., ) | |
| Defendants ) | |

# **ORDER**

AND NOW, this 10th day of March, 2015, it is hereby ORDERED, ADJUDGED and DECREED that Defendant Ferdarko's motion to dismiss Plaintiff's second amended complaint [ECF No. 23] is GRANTED.

IT IS FURTHER ORDERED that, pursuant to the authority granted by the PLRA, the Court dismisses, *sua sponte,* Plaintiff's claims against Defendants Wexford, McGarvie, Sherbine, and O'Rourke, for the reasons stated in the foregoing opinion.

Based on the foregoing, Plaintiff's second amended complaint is DISMISSED in its entirety, and the Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge